UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIAM ALEXANDER,<br><br>                           Plaintiff,<br>v.<br>CHIME,<br>                           Defendant. | Case No.: 24-cv-00979-JAH<br><br>**ORDER:**<br><br>**(1) DISMISSING COMPLAINT WITHOUT PREJUDICE; AND**<br><br>**(2) DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS.** |

      On June 3, 2024, Plaintiff Liam Alexander ("Plaintiff") filed a complaint against Defendant Chime ("Defendant") alleging that Defendant breached an agreement and "is harassing and abusing Plaintiff." ECF No. 1 ("Complaint" or "Compl."). Plaintiff has also filed a motion for leave to proceed *in forma pauperis* ("IFP"). ECF No. 2 ("Motion").

      When a plaintiff seeks leave to proceed IFP, pursuant to 28 U.S.C. § 1915(a), the Complaint is subject to *sua sponte* review and mandatory dismissal if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Coleman v. Tollefson*, 575 U.S. 532, 537-38 (2015) (pursuant to 28 U.S.C. § 1915(e)(2) "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal . . . (ii) fails to state a claim on which relief may be granted."); *Lopez v. Smith*, 203 F.3d 1122,

1127 (9th Cir. 2000) (en banc) (§ 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

Rule 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); see *Neitzeke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson*, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," he must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

Here, Plaintiff fails to state a claim because the Complaint lacks a cognizable legal theory and fails to plead essential facts. The entirety of the Complaint rests upon Plaintiff's assertion that Defendant breached an unidentified agreement and that Defendant "is harassing and abusing Plaintiff." Compl. at 4. However, Plaintiff fails to include any additional facts or details regarding his allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 545. Without more, the Court finds that Plaintiff fails to state a claim and his Complaint must be dismissed under Rule 12(b)(6). Accordingly, because Plaintiff fails to state a claim, the Court **DENIES** Plaintiff's Motion to proceed IFP.

///

///

///

**CONCLUSION AND ORDER**

For all the reasons discussed above, IT IS HEREBY ORDERED:

1. The Complaint as to Defendant **DISMISSED without prejudice**; and
2. Plaintiff's Motion for Leave to Proceed IFP, pursuant to 28 U.S.C. § 1915(a), is **DENIED**.

   **IT IS SO ORDERED.**

DATED: June 21, 2024

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE